BENJAMIN C. JOHNSON (SBN: 218518)
benjamin.johnson@mgae.com
MGA ENTERTAINMENT, INC.
16380 Roscoe Blvd, Suite 102
Van Nuys, CA 91406
Telephone: (818) 894-2525
Fax: (818) 895-0771

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GIANTEX INC., a California corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 5:17-cv-01263-SJO-AS<br><br>COMPLAINT FOR:<br><br>1. FALSE DESIGNATION OF ORIGIN;<br>2. FALSE OR MISLEADING DESCRIPTION OR MISREPRESENTATION OF FACT;<br>3. FEDERAL UNFAIR COMPETITION;<br>4. STATE LAW UNFAIR COMPETITION;<br>5. STATE LAW FALSE AND MISLEADING STATEMENTS<br>6. COMMON LAW TRADE DRESS INFRINGEMENT<br>7. COMMON LAW "PASSING OFF" |

COMPLAINT

Plaintiff, MGA ENTERTAINMENT, INC. ("MGA," or "Plaintiff") for its complaint against defendants GIANTEX INC., and DOES 1 through 10 ("GIANTEX" or "Defendants"), herein alleges as follows:

## INTRODUCTION

1. This is a civil action for false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), false or misleading description or misrepresentation of fact under the Lanham Act, federal unfair competition under the Lanham Act, state law unfair competition under Cal. Bus. & Prof. Code § 17200 et seq., state law false and misleading statements under Cal. Bus & Prof. Code § 17500, and common law trade dress infringement and "passing off." The Plaintiff is a leading global consumer products company, and the exclusive owner of the Little Tikes® trademark. Among other toy products, Little Tikes® manufactures the best-selling "Jump N Slide Bouncer," and the "7' indoor/outdoor Trampoline w/ Enclosure." GIANTEX, and Does 1 through 5, business entities of unknown nature, and Does 6 through 10, unidentified individuals (collectively "Defendants"), are actively and intentionally manufacturing similar products to look virtually identical to Little Tikes® products in an effort to mislead and confuse prospective purchasers. Upon information and belief, Defendants' actions are part of a deliberate attempt to divert sales away from Plaintiff, a market leader in its products. Defendants' actions will continue unless and until enjoined by this Court.

## PARTIES

2. Plaintiff MGA ENTERTAINMENT, INC., is a California corporation, having an address and principal place of business at 16380 Roscoe Blvd., Suite 102, Van Nuys, California. The Little Tikes Company, an Ohio corporation, is owner of the Little Tikes® trademarks, and a wholly owned subsidiary of MGA.

3. Defendant GIANTEX INC. is a California corporation having an addres and principal place of business at 1670 Etiwanda Ave., Unit B-104, Ontario, California. Upon information and belief GIANTEX is doing business as Costway at website

1  www.costway.com.

2      4. MGA is not aware of the true names and capacities of Defendants identified herein as DOES 1 through 10, inclusive, and therefore fictitiously names said Defendants. MGA will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

    5. MGA is informed and believes and, based thereon, alleges that Defendant GIANTEX and each of the fictitiously named DOE Defendants were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by MGA as alleged hereinafter. MGA is also informed and believes and, based thereon, alleges that while participating in such acts, each Defendant was the agent, principal, and/or alter ego of other Defendants, and was acting in the course and scope of such agency and/or acted with permission, consent, authorization or ratification of the other Defendants.

## JURISDICTION AND VENUE

    6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338, and 15 U.S.C. §1121. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. §1367(a) and §1338(b). The state claims are substantially related to the federal claims, and form part of the same case and controversy under Article III of the United States Constitution.

    7. This Court has personal jurisdiction over Defendants by virtue of the fact that GIANTEX maintains its principal place of business in this district, and upon information and belief, the Defendants regularly solicit business in this state, and are committing tortious acts within the state through acts of misrepresentation and unfair competition in this state, said acts being expressly aimed at residents of California. Furthermore, Defendants' tortious actions are causing harm to the reputation of Plaintiff in this district.

    8. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c).

## ALLEGATIONS

    9. This action arises out of a premeditated and intentional attempt by Defendants to pass off GIANTEX's products as those of MGA.

10. Since approximately 1970, Little Tikes® has manufactured, sold, marketed, and promoted Little Tikes® distinctive, brightly colored toys which have become a staple for American children under the age of five; and Little Tikes® is perennially one of the top toy-makers for the pre-school market. Little Tikes® products include the "Jump N Slide Bouncer," and the "7' indoor/outdoor Trampoline w/ Enclosure" (the "Products"), each of which are marketed under its registered trademark Little Tikes® and associated trade dress (collectively, the "Marks"). The Products are top sellers for Plaintiff, and are considered important to Plaintiff's business.

11. Plaintiff's Marks are inherently distinctive to the public, and serve as a designator of origin of its Products.

12. Plaintiff's Little Tikes® mark is protected by U.S. Trademark Registration Nos. 1,055,661; 1,145,515; 2,952,053 and 3,888,577. True and correct copies of the Little Tikes® U.S. Trademark Registrations are attached hereto as Exhibit 1.

13. For many years, Plaintiff's Marks have been incorporated into packaging, and displayed on its Products which are visible to consumers in the marketplace. Plaintiff uses the Marks to promote and identify its products in numerous toy stores and online, at trade shows, and on the Internet at www.littletikes.com, and has created a uniquely recognizable, inherently distinctive, and non-functional presentation and marketing of Little Tikes® products (the "Little Tikes® Trade Dress").

14. As a result of the widespread use and display of the Marks, the public and the trade use them to identify and refer to Little Tikes® Products, and the public and the trade recognize that these Marks refer to high quality products emanating from a single source. The Marks have, accordingly, built up secondary meaning and extensive goodwill.

15. The Little Tikes® Trade Dress is designed to attract the attention of consumers viewing preschool toy products online, on store shelves, and in store displays. MGA has expended considerable resources to create and develop its unique Little Tikes® Trade Dress and as a result of MGA's marketing and promotion of and around the Little Tikes® Trade Dress, Little Tikes® products are recognized as high quality products emanating from, or

1 associated with, MGA.

2     16. Upon information and belief, in 2016 and possibly earlier, Defendants have been marketing and selling virtually identical versions of the Products, but merely without the Little Tikes® label and less expensive, in the same channels as the Products, including on www.walmart.com, and www.amazon.com.

    17. Defendants specifically copied the design, shape, size and color scheme of the Products in the marketing and sale of their goods in an attempt to capitalize on the goodwill of the Little Tikes® brand and Little Tikes® Trade Dress.

    18. Defendants' virtual copies of the Products were and are intended to cause confusion, mistake, or deception, in that the public, the trade and others are likely to believe that Defendant's goods are identical to Plaintiff's Products but merely less expensive, or are otherwise affiliated or connected with Plaintiff and its valuable trademarks.

    19. True and correct copies of photos appearing on www.walmart.com of the Little Tikes® Products and Little Tikes® Trade Dress alongside GIANTEX's infringing products are set out below and the internet webpages are attached hereto as Exhibit 2.




GIANTEX Inflatable Mighty Bounce House Jumper Castle Moonwalk

Little Tikes® Jump 'n Slide Bouncer




GIANTEX 7FT Trampoline Combo w/ Safety Enclosure Net Indoor/Outdoor Bouncer Jump Kids

Little Tikes® 7' indoor/outdoor Trampoline with Enclosure

20. Defendants' actions as alleged have caused, and will continue to cause irreparable harm to Plaintiff and its trademarks, and to the business and substantial goodwill represented thereby, and these acts and damages will continue unless restrained and enjoined by this Court.

## COUNT ONE

## FALSE DESIGNATION OF ORIGIN

21. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

22. Defendants' acts as alleged constitute false designation of origin in violation of 15 U.S.C. §1125(a), i.e., Section 43(a) of the Lanham Act.

23. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and Defendants have and will continue to profit and receive other benefits.

///

///

///

## COUNT TWO
## FALSE OR MISLEADING DESCRIPTION OR MISREPRESENTATION OF FACT

24. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

25. Defendants' acts as alleged constitute false or misleading descriptions and/or misrepresentations of facts in violation of 15 U.S.C. §1125(a), i.e., Section 43(a) of the Lanham Act.

26. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and Defendants have and will continue to profit and receive other benefits.

## COUNT THREE
## FEDERAL UNFAIR COMPETITION

27. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

28. Defendants' acts as alleged constitute federal unfair competition in violation of 15 U.S.C. §1125(a), i.e., Section 43(a) of the Lanham Act.

29. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and Defendants have and will continue to profit and receive other benefits.

## COUNT FOUR
## STATE UNFAIR COMPETITION
## (CAL. BUS. & PROF. CODE §17200 ET SEQ.)

30. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

31. Defendants' wrongful acts constitute unfair competition and unfair or deceptive acts or practices in violation of §17200 et seq. of the California Business and Professions Code.

32. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and Defendants have and will continue to profit and receive other benefits.

## COUNT FIVE

## STATE LAW FALSE AND MISLEADING STATEMENTS

## (CAL. BUS. & PROF. CODE §17500)

33. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

34. Defendants' wrongful acts constitute false and misleading statements made in an effort to induce others to purchase Defendants' goods in violation of §17500 of the California Business and Professions Code.

35. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and Defendants have and will continue to profit and receive other benefits.

## COUNT SIX

## COMMON LAW TRADE DRESS INFRINGEMENT

36. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

37. Defendants' conduct as alleged herein constitutes trade dress infringement under the laws of the State of California.

38. MGA is informed and believes and, based thereon alleges, that Defendants' conduct was willful and intentional, and that GIANTEX directed and authorized the creation of the GIANTEX infringing products for sale and sale in infringing packaging and trade dress.

39. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and has suffered and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law, and Defendants have and will continue to profit and receive other benefits.

## COUNT SEVEN
## COMMON LAW "PASSING OFF"

40. Plaintiff realleges the allegations set forth in paragraphs 9 through 20, above, and incorporates them herein by reference.

41. Defendants' conduct as alleged herein constitutes "passing off" under the laws of the State of California.

42. MGA is informed and believes and, based thereon alleges, that Defendants' conduct was willful and intentional, and that GIANTEX directed and authorized the creation of the GIANTEX products for sale and sale in packaging and trade dress with the intention of passing off their products as those of MGA.

43. As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages and has suffered and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law, and Defendants have and will continue to profit and receive other benefits.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for an order of this Court:**

A. Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

    a. Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to Little Tikes® Products and Little Tikes® Trade Dress;

    b. Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products originate from Plaintiff, or that Defendants or their agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are

licensed by Plaintiff, or are connected in any way with Plaintiff;

    c. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with or injuring the goodwill associated with Little Tikes® Products and/or Little Tikes® Trade Dress;

    B. Awarding Plaintiff a monetary judgment against Defendants for Plaintiff's damages and Defendants' profits pursuant to 15 U.S.C. §1117;

    C. Trebling the amount of such award on account of Defendants' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. §1117;

    D. Awarding Plaintiff its reasonable attorneys' fees and disbursements incurred herein, in view of Defendants' intentional and willful misrepresentations, pursuant to 15 U.S.C. §1117;

    E. Awarding Plaintiff the costs of this action;

    F. Ordering that Defendants deliver to Plaintiff for destruction all infringing products, packaging and any infringing promotional material and advertisements;

    G. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 23, 2017        MGA ENTERTAINMENT, INC.

By: /s/ Benjamin C. Johnson
BENJAMIN C. JOHNSON
Attorney for Defendant
MGA Entertainment, Inc.